PER CURIAM.
The appellants (the homeowners) asserted claims based on construction defects in the home against the home builder and against HOW Insurance Company under the insurance/warranty documents establishing a warranty program furnished to the homeowners by the builder. After a nonjury trial, the trial judge entered a final judgment awarding the homeowners $23,-595 on their claim against HOW Insurance Company. HOW Insurance Company cross-appeals.
We affirm in all respects save one. We agree with the homeowners that the trial judge erred in striking their claim for attorney’s fees against HOW Insurance Company under section 627.428, Florida Statutes (1989). We conclude that, for purposes of that statute, HOW Insurance Company is an insurer and the homeowners are insureds under the “insurance/warranty documents” constituting the warranty arrangement provided by the home builder to the homeowners. Under this arrangement, if the builder fails to remedy construction defects, the homeowner proceeds as provided in the “insurance claim process.” This *182 paragraph describes “how to make an insurance claim” and directs that the insurer be notified. In several places in the document, the word “insurer” is defined as HOW Insurance Company. There is a paragraph headed “other insurance” which provides that the coverage evidenced by the certificate is “excess insurance coverage.” The document emphasizes that notice to the builder shall not constitute notice to the insurer.
Considering the “insurance/warranty documents” in their entirety, we believe HOW Insurance Company is an insurer and the homeowners are the insureds under this contractual arrangement. We note that a court of another state has recently considered a similar arrangement and found that “Homeowners Warranty Insurance Company” was an insurer required to pay attorney’s fees to the homeowners under the applicable law of that state. Nguyen v. Glendale Construction Co., 56 Wash.App. 196, 782 P.2d 1110 (Wash.Ct. App.1989), review denied, 114 Wash.2d 1021, 792 P.2d 533 (Wash.1990). We agree with the reasoning of the Washington court.
Accordingly, we reverse the order of the trial judge striking the homeowners’ claim for attorney’s fees and remand for further proceedings with respect to an award of attorney’s fees to the homeowners pursuant to section 627.428(1). We grant the homeowners’ motion filed in this court for appellate attorney’s fees for the purpose of establishing their entitlement to such fees, the amount to be determined by the trial judge.
Affirmed in part, reversed in part, and remanded for further proceedings.
DANAHY, A.C.J., and FRANK and PARKER, JJ., concur.